12-1972-cr
*United States v. Robertson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

          v.                          No. 12-1972-cr

WILLIAM G. ROBERTSON,

    *Defendant-Appellant*.

---

**FOR APPELLEE:**                Kevin J. Doyle, Gregory L. Waples, Assistant United States Attorneys *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

**FOR DEFENDANT-APPELLANT:** Bruce R. Bryan, Bryan Law Firm, Syracuse, NY.

Appeal from the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**.

On November 2, 2011, defendant-appellant William George Robertson ("Robertson" or "defendant") pleaded guilty to a single count of failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. The District Court subsequently sentenced defendant to 27 months' imprisonment and five years of supervised release. On appeal, Robertson challenges his sentence as substantively unreasonable.

We review all sentences using an abuse-of-discretion standard. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Our review typically consists of a two-step process. First we "must [ ] ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189).

Having reviewed the record, we have considered all of defendant's arguments on appeal and find them to be without merit. Defendant's sentence of 27 months' imprisonment is within the relevant Guidelines range and is otherwise substantively reasonable, substantially for the reasons given by the District Court at the defendant's sentencing hearing of April 18, 2012.[1] Accordingly, we **AFFIRM** the April 19, 2012 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note that, among other considerations, the District Court found that the defendant had not undergone treatment as a sex offender during a lengthy prior term of incarceration, despite having multiple opportunities to do so, and recommended that Robertson undergo treatment as part of his 27-month sentence.